UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| Ahmad Clarence Garland, #238267, | ) | C/A No. 4:08-1668-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden, MacDougall Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is currently incarcerated at MacDougall Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus[1] on April 21, 2008. On June 26, 2008, an order was issued authorizing service of process by the Clerk of Court. On August 18, 2008, Respondent filed a motion for extension of time of thirty (30) days to file a response asserting that the return was due on August 15, 2008.[2]

Petitioner filed a request for entry of default on August 27, 2008. On September 10, 2008, an Order was issued giving Respondent five (5) days to explain the motion for extension of time in detail. Respondent's counsel filed a response asserting the delay and request for extension was due

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

[2] The time automatically calculated by the court for the return was August 18, 2008. (See document entry #8). Pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, 3 days are added after the period would otherwise expire under Rule 6(a). The Respondent was given 50 days plus 3 days mailing time to file a response. Thus, the response date calculated by the court was August 18, 2008.

to a heavy workload and set out his schedule since July 10, 2008. Furthermore, Respondent's counsel asserted that Petitioner has twice unsuccessfully litigated habeas corpus petitions before this court[3] and that this petition is barred by the statute of limitations. Petitioner filed objections to both the motion for extension and the court's order of September 10, 2008.

This matter is now before the court on Respondent's motion for extension of time (doc. #13) and Petitioner's Request for entry of default (doc.#15) and summary judgment (doc. #14).

### MOTION FOR ENTRY OF DEFAULT/ SUMMARY JUDGMENT

As previously discussed, Respondent filed a motion on Monday, August 18, 2008, requesting an extension of time to file a return to the habeas petition. In this motion, Respondent stated that the return was due on August 15, 2008, but requested an extension until September 22, 2008, to file the return.

On August 27, 2008, Petitioner filed a motion for summary judgment and requested an entry of default. (Documents #14 and #15). In the motion for summary judgment, Petitioner asserts that he should be entitled to summary judgment based on the fact that Respondent did not file a timely return. Petitioner asserts that Respondent has waived the right to challenge his habeas petition alleging that his current sentence has been calculated incorrectly by the altering of his original sentence.

In his request for entry of default, Petitioner asserts that "Respondent failed to complied [sic] with Honorable Order 6/26/2008 deadline Aug. 18, 2008 to make return/plea" and asserts that

---

[3] This habeas petition pertains to convictions in Charleston County. The previous habeas petition pertained to convictions in Fairfield County.

Respondent's motion is made in bad faith.

It is recommended that Petitioner's request for entry of default be DENIED as default judgment is inappropriate. Respondent asserts the response was due on Friday, August 15, 2008, and filed the motion for extension on Monday, August 18, 2008. On September 15, 2008, Respondent filed a return and memorandum. As the courts have stated:

> Were district courts to enter default judgments without reaching the merits of [habeas] claim, it would not be the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them.

United States v. Dill, 555 F.Supp.2d 514, 521 (citing Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984)); Worrell v. U.S. Parole Commission, 2008 WL 4137680 (N.D.W.Va.).

Pursuant to Rule 55(e) of the Federal Rules of Civil Procedure, as well as applicable case law, entry of default is not warranted against the Respondent simply because Respondent filed a motion for extension of time to file a return on Monday, August 18, 2008, as opposed to Friday, August 15, 2008, or that he filed the motion for extension as opposed to the filing the return. Furthermore, pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, Respondent was entitled to an additional three days after the period would otherwise expire under Rule 6(a).

As it is recommended that Petitioner's request for entry of default judgment (doc. #15) be DENIED, it is recommended that Respondent's motion for extension (doc. #13) be GRANTED. It is further recommended that Petitioner's motion for summary judgment (doc. #14) based on the alleged default be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 14, 2008
Florence, South Carolina.