IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| AHMAD CLARENCE GARLAND, | ) | C/A No. 4:08-1668-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| WARDEN, MACDOUGALL CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Ahmad Clarence Garland, ("Petitioner/Garland) is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on April 21, 2008. Respondent filed a motion for summary judgment on September 15, 2008, along with a return and supporting memorandum. An order was filed on September 16, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. On December 2, 2008, Petitioner filed a response to Respondent's motion for summary judgment, and he filed a second motion for summary judgment.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I.  PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner. Therefore, the undersigned will set out the procedural history as set forth by the Respondent.

Ahmad Clarence Garland, 238267 (Petitioner) is presently confined in the MacDougall Correctional Institution, of the South Carolina Department of Corrections (SCDC), pursuant to commitment orders from the Charleston County Clerk of Court.[1] The Charleston County Grand Jury indicted Petitioner at the October 1996 term of court for two counts of trafficking in cocaine (96-GS-10-5495 & -5496). James Smiley, Esquire, represented him on these charges.

On January 7, 1997, he pleaded guilty to two counts of second offense possession with intent to distribute (PWID) cocaine, and he received concurrent fifteen year sentences for each offense, as is reflected by the guilty plea forms Petitioner signed on the indictments. Petitioner chose not to appeal from his plea and sentence.

Petitioner filed a *pro se* Post-Conviction Relief (PCR) Application (06-CP-10-2824) on July 20, 2006, in which he alleged the following grounds for relief:

1.     "Pleaded guilty as part of a plea bargain that [was breached] by Respondent;"

2.      "A statute retroactively cancels Applicant's educational credits and provisional earned work credits;"

3.     "Erroneous offenses altered sentence and plea bargain."

The State filed its Return and Motion to Dismiss on August 31, 2006. The State argued that the Petition was subject to summary dismissal because it was barred by the statute of limitations governing the filing of PCR applications, S.C. Code Ann. § 17-27-45(A) (Supp. 2006).

The Honorable Deadre L. Jefferson issued a Conditional Order of Dismissal dated September

2

11, 2006, and filed September 19, 2006, provisionally dismissing the action because it was not filed within the applicable statute of limitations, § 17-27-45(A). Petitioner filed a *pro se* response to the Conditional Order of Dismissal.[2]

The Honorable R. Markley Dennis convened a hearing on the State's motion to dismiss on August 20, 2007, at the Charleston County Courthouse. Petitioner was present at the hearing and Elliott Barnwell, Esquire, represented him. Assistant Deputy Attorney General Salley Elliott represented Respondent.

On September 26, 2007, Judge Dennis filed an Order of Dismissal. Judge Dennis found that the PCR Application should be summarily dismissed for failure to comply with the filing procedures of § 17-27-45(A) & (C) because Petitioner did not file within a year of his conviction becoming final or within one year of discovering the supposedly newly discovered evidence. (Order of Dismissal, p. 3). He found that Petitioner "was convicted of the offenses he challenges in this application on January 7, 1997. This Application was filed on July 20, 2006, well after the expiration of the one year statutory filing period." Judge Dennis further found that Petitioner failed to present any sufficient reason to toll the statute of limitations. (Order of Dismissal, pp. 3-4.)

Contrary to Petitioner's position, Judge Dennis found that "the statute does not allow for tolling of the statute of limitations while [Petitioner] pursues an administrative grievance of a known claim. This Court finds the [Petitioner], in essence, is using this post-conviction relief action as an appeal of the result of the administrative proceeding. A credit-related claim or challenge to other

_____

[2] Petitioner filed an interlocutory appeal on October 13, 2006. The South Carolina Supreme Court, however, filed an Order on October 20, 2006, in which it dismissed the appeal without prejudice because the Conditional Order of Dismissal was not an appealable Order. A petition for rehearing or reconsideration was denied by a December 6, 2006 Order and the South Carolina Supreme Court sent the Remittitur to the lower court on that date.

conditions of confinement are administrative matters and, thus, cannot be raised in a post conviction relief proceeding. Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (2000)." To the extent that Petitioner alleged newly discovered evidence respecting either his sentence or counsel's sentencing advice, Judge Dennis found that "the facts in support of the allegation were known to the [Petitioner] by at least November of 2004 when he filed a grievance concerning his sentence being construed as an 85% no-parole sentence. Therefore, any claim respecting guilty plea counsel is also barred by the statute of limitations." (Order of Dismissal, p. 4). Therefore, he dismissed the application for failure to comply with § 17-27-45(A). (Order of Dismissal, pp. 4-5).

Petitioner timely served and filed a notice of appeal, through counsel, Mr. Barnwell. The Honorable Daniel E. Shearhouse, Clerk of the South Carolina Supreme Court, wrote Mr. Barnwell on November 1, 2007, and directed him to provide a written explanation within ten days of why the PCR judge's conclusion that the statute of limitations barred relief was incorrect, as required by Rule 227, SCACR and Dennison v. State, 371 S.C. 221, 639 S.E.2d 35 (2006) (appointed counsel was required to file notice of appeal of denial of inmate's PCR application, even if a good faith argument or explanation as to why the PCR court's finding was improper did not exist; in such a case, counsel was required to provide the Supreme Court with a letter stating that as an officer of the Court, counsel was unable to set forth any arguable basis for asserting that the trial court's finding regarding inmate's PCR application was improper, and inmate would then be entitled to submit a *pro se* explanation as to why the determination was improper. Appellate Court Rule 227(c)).

Mr. Barnwell sent a reply letter dated November 8, 2007, stating that he could not find an arguable basis for challenging the PCR judge's conclusion, and he notified Petitioner of this position by copy of the letter, as required by *Dennison*. Petitioner then submitted his "Additional Brief On Explanation For Writ Of Certiorari To Grant Of Post-Conviction Relief." In this pleading, Petitioner

4

asserted the following allegations:

> Whether Applicant could pursue subject matter jurisdiction of sentencing court when non-collateral matter was fairly presented and exhausted after receiving South Carolina Administrative Law Judge Division/Court ALJD, or ALC disposition supporting and affirm[ing] South Carolina Department of Corrections (SCDC) Division's Classification/ Inmate Records Resources of Information Management followed by Respondent (Barton J. Vincent)['s] interpretation position and findings tantamount into, pure legal question to, collateral[ly] attack his conviction by sentencing sheet contrary to indictment being, parolable offense, non-85% offense, making negotiated agreement/plea bargain breach making plea involuntary. *Brady* violation infringed on constitutional rights of Eight[h] (8th) and Fourteenth (14th) Amendment of Due Process/Equal Protection of law, timely filing PCR application within one (1) year statute of limitations to have federal claims adjudicated, constituted or warranted an evidentiary hearing and effective counsel by Due Process/Equal Protection of Fourteenth (14th) Amendment on these matters?

(Petition). The South Carolina Supreme Court filed an Order of Dismissal on December 10, 2007, in which it summarily dismissed the appeal in accordance with Rule 227(c), based upon its finding that Garland had "failed to show that there is an arguable basis for asserting that the determination by the lower court was improper." It sent the Remittitur to the Charleston County Clerk of Court on December 28, 2007.

## II.  HABEAS ALLEGATIONS

Petitioner raises the following allegations in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

| | |
|---|---|
| Ground One: | There is an absence of state corrective process. |
| Ground Two: | Circumstance[s] exist that render such process ineffective to protect the right(s) of petition. |

5

Ground Three:    AJ Dennis. . . that supported/adopted State's AG Elliott proposed/consent Order as his own was contrary to <u>United States v. Grinnel Corp.</u>, <u>White v. New Hampshire Dep't of Employment Security</u>, <u>Strickland v. Washington</u> and <u>Wainwright v. Sykes</u>.

Ground Four:    State's AG Elliott order adopted by AJ Dennis as his own involve[d] an unreasonable application of subject matter jurisdiction.

(Petition).

## III.  SUMMARY JUDGMENT

On September 15, 2008, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by <u>pro se</u> litigants, to allow them to fully develop potentially meritorious cases.  <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).  The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and <u>Celotex v. Catrett</u>, 477 U.S.

6

317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Garland filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state

7

court application of Supreme Court law.  See O'Brien v. DuBois, 145 F.3d 16 (1st  Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review.").  Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d).  See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).  In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

 The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V.  DISCUSSION AS TO STATUTE OF LIMITATIONS

Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.

Petitioner argues that his PCR application should not have been dismissed as untimely in that he timely filed it with respect to the order dismissing his claim in the Administrative Law Court. Petitioner seems to assert that the PCR judge was incorrect in finding that §17-27-45 does not allow for tolling of the statute of limitations while he pursued his administrative remedies with respect to

8

him having to serve 85% of his conviction without parole all the way through the Administrative Law Court.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

(2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner was sentenced on January 7, 1997, and had ten days to file an appeal. Petitioner did not file a direct appeal. Accordingly, the one year time within which to file for federal habeas relief began to run after he pleaded guilty and the ten days to file a direct appeal had expired on January 17, 1997. Therefore, Petitioner had until January 17, 1998, to file his habeas action under the AEDPA statute of limitations absent any tolling.

Petitioner filed his APCR on July 20, 2006. Petitioner's APCR was dismissed as barred by the state statute of limitations and the PCR court found that Petitioner was not entitled to equitable tolling. Petitioner appealed the dismissal of his APCR to the South Carolina Supreme Court and it was summarily dismissed on December 10, 2007, and the remittitur was issued on December 28, 2007. The filing of this PCR did not toll the time period as it was dismissed as time barred and, thus, was not "properly filed." Petitioner did not file his federal habeas petition with this court until April 21, 2008.

As Petitioner's conviction became final on January 17, 1997, and there was no tolling of the time period, Petitioner's petition in this case is time barred in that he did not file his habeas petition within the limitations period with respect to his underlying conviction or plea.[4] Therefore, any

---

[4] Even if the APCR had not been dismissed as time barred and the time period had been tolled during the time he filed administrative grievances, this habeas petition would still be time barred. Petitioner's conviction was final on January 17, 1997, and he did not file his APCR until July 20, 2006. Thus, the time for filing a federal habeas petition had already expired before Petitioner filed his APCR. Additionally, even assuming the filing of the first grievance in November 2004, was the first Petitioner knew that his sentence was being construed as an 85% no-parole sentence, Petitioner still did not file his PCR application until July 20, 2006, well after one year from the time he supposedly discovered that his sentence was being construed as an

10

allegations as to his underlying sentence/conviction or plea counsel is time barred.[5]

Petitioner has not presented sufficient evidence to warrant equitable tolling. In the case of

Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal
> criminal sentences, particularly in capital cases . . . and to further the principles of

85% no-parole sentence. Therefore, this petition is time barred as to any allegations with regard
to the underlying conviction and plea counsel.

As to any grounds that Petitioner is asserting with regard to the execution of his sentence,
it is recommended that the petition be dismissed as he failed to exhaust his state remedies.
Petitioner voluntarily dismissed his appeal in the South Carolina Court of Appeals from the
decision of the Administrative Law Court. Unlike §2255, §2254 contains no provision implicitly
authorizing § 2241 review when § 2254 affords an inadequate remedy. Further, §2241 does not
contain an express exhaustion requirement, but a person in state custody seeking § 2241 review
must exhaust state remedies. See Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 489-92 (1973).

Further, in order to fully exhaust state court remedies, a habeas petitioner, as opposed to a
claim regarding conditions of confinement, must first utilize his prison administrative remedies, as
outlined above. In addition to filing Step 1  and Step 2 grievances, the prisoner must also file an
appeal with the Administrative Law Court (ALC) in compliance with S.C.Code Annotated §
1-23-610, known as the Administrative Procedures Act (APA), and Al- Shabazz v. S.C., 338 S.C.
354, 527 S.E.2d 742, 750 (S.C.2000) (inmate may seek review of Department's final decision in an
administrative matter under the APA). If the ALC denies a prisoner's appeal, he must further
appeal that decision. Since the SCDC is a single director agency subject to S.C.Code Ann. §
1-23-610(B), appeals of SCDC final decisions go to the ALC. ALC appeals are then heard by a
state's higher court. Once the appeal to the higher court has concluded, the prisoner may file a
petition in the District Court for the District of South Carolina. Based on an amendment of
S.C.Code Ann. § 9-21-70 (as amended by Act No. 387 of 2006, effective July 1, 2006), a
claimant's appeal of a final ALC decision must go to the Court of Appeals pursuant to S.C.Code
Section 1-23-380 and the South Carolina Appellate Court Rules. Once the appeal to the higher
court has concluded, the prisoner may file a petition in the District Court for the District of South
Carolina.

Additionally, assuming *arguendo* that the petition is not time barred, the issues would be
procedurally defaulted in that they were not addressed on the merits in the PCR court but
dismissed under a state procedural rule as being barred by the one year statute of limitations.

[5] To the extent claims filed within the generic conditions of confinement concerning
classification are exhausted by filing a step one and step two grievance, they are without merit in
that there is no liberty interest created in custodial classifications. Meachum v. Fano, 427 U.S.
215, 225 (1976).

comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

12

Id. at 246-247.

Applying the law as described, Petitioner has not presented an extraordinary circumstance beyond Petitioner's control. Likewise, it is well established that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). [6]

## VI. CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (doc.#19) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

IT IS FURTHER RECOMMENDED that Petitioner's motion for summary judgment (doc. #39) be DENIED.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 1, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[6] As the petition is barred by the statute of limitations, the grounds raised in the petition will not be addressed on the merits.

13