UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ahmad Clarence Garland, | ) | C/A No.  4:08-1668-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden, MacDougall Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Ahmad Garland, is an inmate at the South Carolina Department of Corrections serving two concurrent 15-year sentences for trafficking in crack cocaine. He has filed a petition pursuant to 28 U.S.C.§ 2254 challenging his state court convictions.

The Magistrate Judge assigned to this action[1] has prepared a detailed Report and Recommendation and opines that the petition is barred because it was not timely filed under the one-year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 ("AEDPA"). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 1, 2009. Petitioner did not file timely objections[2] to the Report

The Respondents have filed a motion for summary judgment[3] asserting that petitioner's claims are untimely. The petitioner responded to the motion for summary judgment and filed a cross motion for summary judgment.

As noted in Report, the petitioner was sentenced in state court on January 7, 1997 and had ten days to file an appeal. However, he did not file a direct appeal. Therefore, the one-year time limit to file his federal habeas petition expired on January 17, 1998, absent any tolling.

Petitioner filed his first state application for Post Conviction Relief (PCR) on July 20, 2006, more than eight years after his conviction. The PCR court dismissed the application for failure to comply with the filing procedures because petitioner did not file a PCR application within one year of his conviction or within one year of supposedly discovering

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

[3] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner did respond to the motion.

new evidence. The petitioner had contended that his November 2004 grievance concerning his sentence being construed as an 85% no parole sentence would toll the statute of limitations. The PCR judge found that the statute did not allow the tolling while the petitioner was pursuing this administrative grievance and such challenge to his time credit could not be raised in a PCR proceeding.

Before this court, the petitioner raises various grounds: (1) absence of a state corrective process; (2) ineffective protection of rights of petitioner; (3) the PCR judge ruled in error; and (4) unreasonable application of subject-matter jurisdiction. The present petition was filed on April 21, 2008.

The AEDPA provides a one-year statute of limitations period on the filing of a § 2254 action. Subsection (d) of the statute reads:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Even if his claims were not time-barred, which they clearly are, the issues presented would be procedurally defaulted and not reviewable by this court because they were not addressed on the merits in the PCR court. *Coleman v. Thompson*, 501 U.S. 722 (1991); *U.S. v. Harris*, 183 F.3d 313, 317 (4th Cir. 1999).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation is proper and is incorporated herein by reference. Accordingly, respondent's motion for summary judgment is granted and the petition is denied. Petitioner's motion for summary judgment is denied as well.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
June 25, 2009                                          United States District Judge
Columbia, South Carolina

4